REISSUED FOR PUBLICATION
FEB 20 2020
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
LARRY EDGE,                           *
                                      *   No. 17-1283V
             Petitioner,              *   Special Master Christian J. Moran
                                      *
v.                                    *
                                      *   Filed: January 24, 2020
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *   Show cause dismissal; failure
                                      *   to prosecute
             Respondent.              *
* * * * * * * * * * * * * * * * * * * *
```

Larry Edge, Astutula, FL, pro se;
Camille M. Collett, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Larry Edge filed a petition through his attorney under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34 (2012) on September 18, 2017. The petition alleged that he developed chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of the influenza ("flu") vaccination he received on October 2, 2015, and/or the Prevnar vaccination he received on November 2, 2015. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I. Procedural History

A detailed procedural history of this case can be found in the order to show cause, issued November 22, 2019. In that order, Mr. Edge was instructed to show cause as to why this case should not be dismissed by January 10, 2020. To date, Mr. Edge has not responded.

## II. Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Here, Mr. Edge alleged that the vaccine(s) actually caused his injury.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). Moreover, a petitioner must establish the diagnosis for which he is seeking compensation. Broekelschen v. Sec'y of Health & Human Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010). In this case, the Secretary challenged Mr. Edge's asserted diagnosis of CIDP and instead proposed a diagnosis of diabetes mellitus. Resp't's Rep., filed Aug. 6, 2018, at 10. Mr. Edge did not file a medical opinion to support his diagnosis or his claim more generally.

Accordingly, Mr. Edge failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.

Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.  See Vaccine Rule 21(b).

**IT IS SO ORDERED.**

*/s/ Christian J. Moran*
Christian J. Moran
Special Master